## LOUCKS *v.* STATE OF INDIANA.

[No. 26,865.  Filed December 21, 1937.]

*Harold A. Beeler* and *Worth H. Caster,* for appellant.

*Omer S. Jackson,* Attorney-General, and *James K. Northam,* Deputy Attorney-General, for the State.

TREANOR, C. J.—The appellant, James Loucks, was prosecuted by the State on an affidavit charging attempted robbery with physical injury inflicted. One Edwin Bowman was charged with the same crime. The appellant entered a plea of guilty to the offense charged in the affidavit and the court below entered judgment on this plea, imposing a sentence of life imprisonment in the Indiana State Prison. Two days after the judgment was entered counsel appeared for appellant and by motion requested the trial court to set aside and vacate the judgment and to permit the withdrawal of the plea of "guilty." The motion was overruled. The only error assigned upon appeal is the court's overruling of the motion to vacate the judgment and to permit the withdrawal of the plea of guilty.

The following excerpts are from the record of the proceedings in the Hamilton Circuit Court:

"The State of Indiana
vs.
James Loucks
Edwin Bowman

Affidavit for Assault and Battery With Intent to Commit Robbery — Physical Injury Inflicted.

Be It Remembered, That on this day, before me, Chesley E. Baldock, Clerk of Hamilton Circuit Court, personally came Robert Bell who, being duly sworn, upon his oath, says that James Loucks and Edwin Bowman on or about the 14th day of March, A. D. 1937, at the County of Hamilton, in the State of Indiana, did then and there unlawfully inflict wounds and physical injury upon the head and body of Robert Bell, with a deadly and dangerous weapon or instrument, bar or iron, while attempting to commit robbery, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana.

ROBERT S. BELL.

Subscribed and sworn to in open Court, before me, this 15th day of March, A. D. 1937.

(SEAL)                     CHESLEY E. BALDOCK,
                    Clerk of Hamilton Circuit Court."

\* \* \*

"Comes now the defendant, James Loucks, who, after being first duly arraigned, pleads guilty to the crime charged in the affidavit, to wit: 'Assault and Battery with Intent to Commit Robbery— Physical Injury Inflicted.' And comes now the defendant, Edwin Bowman, who, after being first duly arraigned, pleads not guilty to the crime charged in the affidavit. And the Court now finds the defendant, James Loucks, guilty of the crime charged in the affidavit, and that said defendant is thirty-six years of age and that his punishment should be imprisonment for life in Indiana State Prison at Michigan City, Indiana.

"It is therefore, ordered, adjudged and decreed by the Court, that the defendant, James Loucks, is guilty of the crime charged in the affidavit, to wit: 'Assault and Battery with Intent to Commit Robbery—Physical Injury Inflicted.' It is further or-

dered, adjudged and decreed by the Court, that said defendant is thirty-six years of age and that his punishment should be life imprisonment in Indiana State Prison at Michigan City, Indiana."

## "PETITION TO VACATE JUDGMENT

"Your petitioner respectfully shows to the court:

"That he is the defendant in the above entitled cause. That he appeared in the Hamilton Circuit Court and before the Judge thereof on March 15th, 1937. That he was not at that time acquainted with any of the constitutional rights of persons accused of crime in Indiana and did not know that he had the right to be heard in person and by counsel and and to be tried by a jury.

"That he was ignorant of the nature and consequences of any plea alleged to have been made and of what punishment might be inflicted against him on any plea.

"That the court made no inquiry of him to ascertain if he knew of his rights under the Constitution or if he understood the effects of a plea of guilty or the severity of the sentence which would be imposed thereunder before any plea was made.

"That your petitioner was not asked if he desired counsel or advised that he was entitled to have counsel. That he always desired the advice of counsel, and did obtain the same at his earliest opportunity.

"That he is ignorant and uneducated as to the law and knew nothing of his rights as an accused person thereunder. That if permitted to withdraw his plea and be defended by counsel he can show he is not guilty of the crime charged.

"That he desires a jury trial and desires to withdraw any plea heretofore made and be defended by counsel.

"That if the Court had been advised of the facts heretofore alleged he would not have accepted any plea from this defendant without his being advised by counsel.

"WHEREFORE, your petitioner prays that the judgment heretofore entered in this cause be vacated, that he be allowed to have a fair and impartial trial and for all other proper relief.

JAMES LOUCKS.

"Subscribed and sworn to before me this 16th day of March, 1937."

HAROLD A. BEELER,

(SEAL)                                   Notary Public.

"And this cause is now submitted to the Court for trial, without the intervention of a jury. And the court now hears evidence relating thereto and argument is had. The Court being duly advised, now denies the defendant's petition and refuses to set aside the judgment formerly entered; exceptions granted."

The only evidence heard by the Hamilton Circuit Court upon the trial of the cause presented by the petition was the testimony of appellant, Loucks, upon his direct and cross-examinations. His testimony upon direct examination supported the various statements included in his petition.

Appellant calls attention to the important constitutional rights of one who is charged with a criminal offense, and properly insists that it is the duty of the Supreme Court to direct a trial court to set aside any judicial action which results in a denial of these rights. It is not necessary, however, that one who is charged with a criminal offense take advantage of all the procedural rights, or privileges, guaranteed by the constitution. Under the law of Indiana a defendant can, by his own free choice, dispense with a trial by entering a plea of guilty when arraigned, thereby establishing, as a matter of law, his guilt of the offense as charged in the affidavit or indictment. There is no provision in the Constitution which makes it the duty of the trial court to insist that a defendant either have a trial or be represented by counsel, if the defendant chooses to enter a plea of guilty. But cases have come before this court in which it clearly appeared that the defendant, acting without advice of counsel, entered his plea of guilty, and under such circumstances that his plea could not have been entered freely and understandingly.

And in those cases this court held that the defendant was deprived of his constitutional protection by the action of the trial court in permitting him to enter a plea of guilty. The following excerpts from the case of *Rhodes* v. *State*[1] indicate the attitude of this court in such a situation (p. 194):

> "This court has expressed disapproval of trial courts receiving pleas of guilty from defendants charged with serious crime, who are not represented by counsel, until 'after reasonable inquiry into the facts to discover whether a plea of guilty is entered freely and understandingly.'" (Citing cases.)
>
> \* \* \*
>
> "Did appellant enter a plea of guilty freely and understandingly?" (p. 192.)
>
> \* \* \*
>
> "Hence the ruling of the trial court 'must stand unless this court can say, from the unconflicting evidence as the controlling factor, and in connection with all the evidence given, that the trial court abused its discretion." (p. 192.)

It is evident from the foregoing that the crucial test of the trial court's action in accepting a plea of guilty is whether the defendant entered his plea of guilty "freely and understandingly." If the acts which constitute the alleged offense are such that the defendant can readily understand whether he has committed them; and if he understands that his plea of guilty amounts to an acknowledgment that he has committed the acts in question; and if he also understands the legal consequences of this acknowledgment, a trial court should accept a plea of guilty. There are cases in which the facts are such that there could be differences of opinion as to their legal effect. In such a case the trial court should not accept the plea of guilty until after the defendant has had the benefit of legal advice or, at least, until the trial court by a very careful examination of

---

1. (1927), 199 Ind. 183, 156 N. E. 389.

the defendant and a consideration of all the circumstances available, is thoroughly convinced that the defendant understands the significance of the facts which are charged in the affidavit or indictment, and also clearly understands the legal consequences of his plea of guilty. Obviously the trial court should never accept a plea of guilty when the defendant is acting under coercion or when he is in fact influenced in making his plea by improper suggestions of leniency from officers or others. In short, there should never be a plea of guilty received under circumstances such as this court had in mind in the Rhodes case when it made the following statement (p. 195) : "Obviously, from the evidence in this case, the plea of guilty was induced under circumstances which, if applied to the ordinary affairs of life, would sustain a finding of fraud."

In the instant case it was charged that the appellant James Loucks and one Edwin Bowman "did then and there unlawfully inflict wounds and physical injury upon the head and body of Robert Bell, with a deadly and dangerous weapon or instrument, bar or iron, while attempting to commit robbery." Appellant Loucks and Bowman were brought into court at the same time for arraignment. When arraigned Loucks pleaded guilty; and immediately thereafter, and in the presence of Loucks, Bowman pleaded not guilty.

The allegations of fact in the affidavit, which constitute the charge of the offense, are so simple and understandable that a person of ordinary intelligence could not fail to comprehend exactly what acts Loucks and Bowman were charged with having committed. According to the evidence Loucks was thirty-six years of age, had been in court before, and there was no suggestion that he was not a man of ordinary intelligence. There is no evidence at all to indicate that at the time Loucks entered his plea of guilty he was acting under

fear. His companion, Bowman, entered a plea of not guilty, and during the hearing on appellant's motion to vacate judgment and permit him to withdraw his plea of guilty the appellant admitted, on cross-examination, that he understood that Bowman "said he was not guilty." Loucks testified that he did not understand that he was entitled to counsel and did not understand that he was guaranteed a fair and impartial trial; that he did not "remember" or "recall" just what was said by the court and prosecuting attorney; that he did not recall that the court called his attention to what his punishment would be; that he was "a little bit hard hearing" and could not understand just what the court said his punishment would be; that he did not recall "what that affidavit said" which was read to him. But when the affidavit was read to him during the hearing on his motion he thought that it was the affidavit which was read to him at the time of his arraignment.

As pointed out in the Rhodes case, *supra,* the vital question for us to consider in an appeal such as this is, did the defendant enter his plea of guilty freely and understandingly? If he did there was no abuse of discretion by the trial court, and no denial of constitutional protection to the defendant, for the trial court not to have called the defendant's attention to the fact that he was entitled to have counsel.

In the instant case no facts, which were known to the trial court at the time appellant entered his plea of guilty, are called to our attention which would have justified the trial court's suspecting that the appellant did not enter his plea of guilty freely and understandingly. If such facts existed it was incumbent upon appellant to bring them to the attention of the trial court in support of his motion to vacate the judgment and to permit him to withdraw his plea of guilty.

It is a fair inference from the testimony of the appellant, given at the hearing upon his motion to vacate judgment and permit him to withdraw his plea of guilty, that the trial court admonished him that the offense carried a penalty of life imprisonment; and, also, that the prosecuting attorney read to him the section of the statute governing the offense. The language of the statute clearly states the facts which constitute the offense, and definitely fixes the punishment. The appellant was at the time of the trial thirty-six years of age and had been in court before. Unless his sense of hearing was so defective that it was impossible for him to hear what was being said and read to him at the time of his arraignment, it would be incredible that he did not freely and understandingly enter his plea of guilty. And the only testimony which bears on the appellant's sense of hearing is as follows:

"Q. Do you recall as to whether or not the court called your attention to the fact as to what your punishment would be?

"A. No, I don't.

"Q. What did the court say to you?

"A. Well, I am a little bit hard hearing and I just couldn't understand what it was.

"Q. Did you understand after you left the courtroom what your punishment was?

"A. Yes, I was told over there what it was."

There is nothing to indicate that appellant did not clearly hear and comprehend all the questions which were asked him on direct examination and cross-examination during the hearing upon his motion to vacate judgment. We must assume that the trial court thought that the appellant understood what was being said to him at the time of his arraignment, and the trial court was in a position to determine whether the appellant understood what was being said to him, and also to determine the effect to be given to his testimony during

the later hearing on his motion. Appellant did not in his petition or motion state that he was "hard of hearing" and did not make any effort to establish this fact except by his incidental remark while being examined by counsel.

The following testimony by the appellant must be considered significant, and must have been given considerable weight by the trial court:

"Q. Now, Mr. Loucks, it is not your desire that you have a jury trial, it is your desire that the sentence be made less than a life sentence, isn't it?

"A. Mostly, yes sir.

"Q. That is the real purpose of it, isn't it?

"A. Well, I—

"Q. That is the purpose of your filing this affidavit, isn't it, to have this judgment set aside, and what you really want is the court to give you a flat sentence of ten to twenty-five years, isn't it?

"A. Well, I would appreciate it, yes.

"Q. And that is the reason you filed this affidavit, isn't it?

"A. No, sir, it isn't. I want a fair trial."

It is impossible for us to pass absolute judgment on whether or not the appellant entered his plea of guilty freely and understandingly, but in view of the testimony of the appellant during the hearing on his motion to vacate judgment and to permit him to withdraw his plea of guilty, it is equally impossible for us to say that the trial court was not justified in considering that the plea of guilty was entered freely and understandingly. The showing on appeal falls far short of disclosing any abuse of discretion by the trial court either in accepting the plea of guilty or in overruling the appellant's motion to set aside judgment and to permit the withdrawal of the plea of guilty.

The judgment of the Hamilton Circuit Court is affirmed.