TAYLOR, JR. *v.* STATE OF INDIANA.

[No. 767S51. Filed May 17, 1968. Rehearing denied October 14, 1968.]

*William C. Erbecker,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Duejean Clements Garrett,* Deputy Attorney General, for appellee.

HUNTER, J.—The appellant herein is appealing from a conviction in the criminal court of Marion County, Indiana, of robbery.

Prosecution was commenced on the basis of an affidavit charging the appellant and a co-defendant with the above stated crime. Appellant entered a plea of not guilty and thereafter trial was had before the court without the intervention of a jury, a jury trial having been waived. The trial resulted in a finding by the court of guilty of the crime charged in the affidavit and appellant's punishment was fixed to be imprisonment in the Indiana State Reformatory for an indeterminate period of not less than ten (10) nor more than twenty-five (25) years.

The error assigned and relied upon by the appellant is the overruling of his motion for new trial. Specifically appellant complains that the finding of the court is contrary to law and that the finding of the court is not sustained by sufficient evidence in the following particulars, to-wit:

"(a) The affidavit heretofore filed against your defendant specifically charges him with the crime of Robbery, which carries, an indeterminate sentence of not less than ten and not more than twenty-five years, and which crime, after a hearing on the merits, the defendant was found guilty by the Court; the evidence unequivocally discloses that the defendant was armed with a pistol and that the pistol was in the hand of the defendant, pointed at the neck of the prosecuting witness, and from whom a sum of money was taken, and the evidence further says that the prosecuting witness was placed in fear by the aforesaid facts; it therefore appears from the record herein that the crime of Armed Robbery was proved by the State of Indiana;

(b) There is now in force a statute in the State of Indiana entitled commission of or attempt to commit crime while armed with deadly weapon being Burns' Indiana Statute, 1956 Replacement and being Section 10-4709. . . ."

Appellant contends that the prosecution denied the appellant's right to due process of law by the filing of the general charge of robbery instead of the specific charge of commis-

sion of, or attempt to commit, the crime of robbery while armed with a deadly weapon. He further argues that because of the ramifications of and the differences in the sentences imposed thereunder, appellant's rights to a timely and early consideration for parole were emasculated by the indeterminate sentence of ten (10) to twenty-five (25) years instead of a determinate sentence of not less than ten (10) nor more than twenty (20) years under the evidence in this cause. It is also contended that the importance of the prosecution filing a charge of robbery while armed is heightened because the right to parole might be affected thereby, since it is conceivable that a person having been sentenced to an indeterminate sentence of not less than ten (10) nor more than twenty-five (25) years could serve the entire twenty-five years; while a person receiving a maximum determinate sentence of twenty (20) years would be eligible for a parole long before two-thirds of his time has been served, providing his behavior is good. For this reason it is argued the penalties imposed for the crime of robbery are far more severe than robbery while armed.

The statutes involved are as follows:

Ind. Anno. Stat. § 10-4101 (1956 Repl.)

"Robbery—Physical injury inflicted in robbery or attempt—Penalty.—Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten (10) years nor more than twenty-five (25) years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period. Whoever inflicts any wound or other physical injury upon any person with any firearm, dirk, stiletto, bludgeon, billy, club, blackjack, or any other deadly or dangerous weapon or instrument while engaged in the commission of a robbery, or while attempting to commit a robbery, shall, upon conviction, be imprisoned in the state prison for life."

Ind. Anno. Stat. § 10-4709 (Supp. 1967)

"Commission of or attempt to commit crime while armed with deadly weapon.—Any person who being over sixteen (16) years of age, commits or attempts to commit either the

crime of rape, robbery, bank robbery, or theft while armed with. a pistol, revolver, rifle, shotgun, machine gun or any other firearm or any dangerous or deadly weapon, or while any other person present and aiding or assisting in committing or attempting to commit either of said crimes is armed with any of said weapons, shall be guilty of a separate felony in addition to the crimes above named and upon conviction shall be imprisoned for a determinate period of not less than ten (10) years nor more than twenty (20) years, to be fixed by the court: Provided, That such court shall have the right to provide in the judgment that such term of imprisonment shall not run concurrently with any imprisonment that may be adjudged for either of the crimes first above enumerated but that such term of imprisonment shall be served beginning at the expiration of the imprisonment adjudged for either of said first named crimes."

In interpreting these two statutory provisions this Court has consistently held robbery to be a lessor included offense in the crime of commission of a felony while armed. *Cross* v. *State* (1956), 235 Ind. 611, 137 N. E. 2d 32; *Carter* v. *State* (1950), 229 Ind. 205, 96 N. E. 2d 273; *Polson* v. *State* (1894), 137 Ind. 519, 35 N. E. 907. Even though the evidence is sufficient to show that the accused is guilty of a certain offense, he may be convicted of a lesser included offense. This rule has been applied to criminal actions, as in the case at bar, where the defendant is charged only with the lesser offense but the proof shows the commission of a greater offense which includes the lesser one charged. *Caudill* v. *State* (1946), 224 Ind. 531, 69 N. E. 2d 549; *Polson* v. *State, supra.*

The State has the right to decide under which criminal statute it wishes to prosecute, for it is within the prosecutor's discretion and judgment to determine what offense can be proved with the evidence at hand. Moreover, it is within the prosecutor's discretion to recommend a lesser charge in exchange for the accused's guilty plea. There is no rule of law giving a criminal defendant the right under any circumstances to select the crime for which he is to be

tried. *Durrett* v. *State* (1966), 247 Ind. 692, 219 N. E. 2d 814; *Palmer* v. *State* (1926), 197 Ind. 625, 150 N. E. 917; *Young* v. *State* (1923), 194 Ind. 221, 141 N. E. 309.

In *Durrett* v. *State, supra,* the argument was advanced that the State was obliged to proceed under the specific statute which the appellant there contended was most applicable to the facts involved. Appellants were convicted of first degree burglary and sentenced under Ind. Anno. Stat. § 10-701 (1956 Repl.) which describes the crime as breaking and entering a dwelling house with intent to commit a felony. Appellants contended that since the crime was committed in the daytime they should have been sentenced under Ind. Anno. Stat. § 10-705 (1956 Repl.) which defines the crime of breaking and entering in the daytime to steal. The court rejected such a contention and held:

> "It has long been settled that it is the province of the Legislature to define criminal offenses and to set the penalties for such criminal offenses. There are many factual situations where a charge could be brought under one of several different statutes. Indeed, on some occasions, charges have been brought in alternative counts with the different counts being based upon different criminal statutes. It is sufficient if the indictment or affidavit charges and the evidence proves an offense under a statute, even though the charge might have been brought under a different statute providing a lesser penalty. 15 I. L. E. Indictments and Affidavits § 41-42, p. 563; *Morgan* v. *State* (1926), 197 Ind. 374, 151 N. E. 98; *Myers* v. *State* (1883), 92 Ind. 390." 219 N. E. 2d at 816-17.

In a recent Federal Court case it was held that it was not error to charge and convict the defendant of entering with intent to commit a felony although proof showed that larceny had in fact been committed. *U. S.* v. *Wright,* 365 F. 2d 135 (7th Cir. 1966). In *Wright* the defendant was concerned with the higher permissible maximum punishment for entry with intent to commit a felony as compared to the maximum for the taking and carrying away with intent to steal.

We can find no error in the State's charging, convicting and sentencing of appellant under Ind. Anno. Stat. § 10-4101 (1956 Repl.). Although the above stated rules are sufficient to control the holding of this case, we herewith set forth appellant's additional contentions for reversal. Appellant argues that the above decisions should not control this case because of the legal effect of the sentencing under Ind. Anno. Stat. § 10-4101 (1956 Repl.) and Ind. Anno. Stat. § 10-4709 (Supp. 1967) deprive appellant of his constitutional rights of equal protection of the law, due process of law and immunity from cruel and unusual punishment. These contentions rest solely upon appellant's argument regarding the effect of an indeterminate sentence as compared to a determinate sentence.

The cruel and unusual punishment provision under the Indiana Constitution prohibits atrocious punishments but does not prohibit imprisonment. *Mellot* v. *State* (1941), 219 Ind. 646, 40 N. E. 2d 655. Both this Court and the Supreme Court of the United States have held that neither the federal equal protection clause nor the state privileges and immunities clause affects the right of a state to punish one offense more severely than another or to establish different degrees of punishment for a criminal offense. *State* v. *Hogreiver* (1899), 152 Ind. 652, 53 N. E. 921; *Collins* v. *Johnston* (1915), 237 U. S. 502. It cannot be questioned that the legislature had not only the power but the obligation to classify and set the punishment for robbery. The equal protection clause of the Fourteenth Amendment and the prohibition of the privileges and immunities clause of the Indiana Constitution require that in the administration of criminal justice no person be subject to a greater or different punishment for an offense than that to which others of the same class are subjected. All those prosecuted for robbery are treated alike: all elements of the crime must be proved and the punishment authorized by the statute is levied on all who are found guilty.

As stated previously appellant's contentions rest solely upon his personal opinion that an indeterminate sentence of not less than ten (10) nor more than twenty-five (25) years is substantially more severe than a determinate sentence of from (10) to twenty (20) years. This contention is based on the argument that "conceivably" one serving the indeterminate sentence "could" serve the full twenty-five years, whereas one serving the twenty year determinate sentence "could on good behavior" be paroled earlier. Appellant overlooks the fact that the good time statutes, Ind. Anno. Stat. § 13-116 (1956 Repl.) and Ind. Anno. Stat. § 13-119a (1956 Repl.) apply to both determinate and indeterminate sentences. When a determinate sentence is authorized by a statute, the court sets the sentence at any term within the range authorized, and this absolute sentence can only be reduced by the earning of "good time" under § 13-116, *supra*. A prisoner serving an indeterminate sentence is also allowed to earn "good time" computed upon the minimum term under § 13-119a, *supra*.

"13-119a. Diminution of sentence—Indeterminate sentence.—Every inmate who is now or hereafter may be confined in the Indiana State Prison, the Indiana Reformatory, or the Indiana Women's Prison for an indeterminate term of imprisonment, and who, while an inmate in such institution, shall have no infraction of the rules and regulations of the institution, nor infraction of the laws of the State of Indiana or laws of the United States recorded against him or her while an inmate, shall be entitled to the same rate of good time diminution of time served prior to parole eligibility as already provided by law for diminution of sentence for inmates serving determinate sentences in the Indiana State Prison, the Indiana Reformatory, and the Indiana Women's Prison. In the case of an indeterminate sentence inmate, said reduction shall be computed upon the minimum term of such sentence only.

For purpose of parole eligibility the minimum term of sentence shall be construed as the minimum term imposed by the court, less any good time diminution granted under terms of this act: Provided, however, That no inmate shall be paroled on his minimum term until he or she has served at least one (1) year."

Whether one is given an indeterminate or a determinate sentence, he has an opportunity to lessen the time of incarceration. Undoubtedly there are innumerable hypothetical situations which could be raised; however, if one is assumed to earn good time under a determinate sentence, he must also be assumed to earn good time under an indeterminate sentence.

In appellant's hypothetical situation, assuming that the prisoner would earn good time, if serving an indeterminate sentence he could be paroled substantially earlier than he could be if serving a determinate sentence. Under any hypothetical fact situation parole opportunities under a determinate sentence of even ten (10) years could never be earlier than parole opportunities under an indeterminate sentence of ten to twenty-five years. When considering "good time" diminution of sentences, an inmate serving a determinate sentence of ten (10) years would be eligible for parole after serving six (6) years and eight (8) months while an inmate serving an indeterminate sentence of not less than ten (10) nor more than twenty-five (25) years would also be eligible for parole after serving six (6) years and eight (8) months. It is quite apparent that appellant's flat assertion that the indeterminate sentence is the more severe and unconstitutionally harsh on the basis of parole opportunities is false and untenable.

For all the foregoing reasons we find that appellant's asserted and argued errors are without merit and his conviction should be affirmed.

Judgment affirmed.

Lewis, C. J., Arterburn and Jackson, JJ., concur. Mote, J., not participating.

NOTE.—Reported in 236 N. E. 2d 825.