EDWARD LOCKHART *v.* STATE OF INDIANA.

[No. 1270S302. Filed November 9, 1971.]

*Mrs. Harriette Bailey Conn,* Public Defender of Indiana, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrell K. Diamond,* Deputy Attorney General, for appellee.

GIVAN, J.—This is an appeal from a judgment of the trial court overruling appellant's verified petition to withdraw a plea of guilty and set aside a judgment of conviction. The appellant had been charged with the crime of inflicting physical

injury while engaged in the commission of a robbery as defined in Burns Ind. Stat., 1956 Repl., § 10-4101. Appellant entered a plea of guilty to the lesser included offense of robbery. Subsequently he submitted his verified petition to withdraw his plea of guilty and set aside the judgment of conviction, the denial of which is the basis for this appeal.

Appellant along with two co-defendants had been arrested and charged as above indicated. All three defendants gave incriminating statements following their arrest. Appellant's co-defendants entered pleas of guilty and in so doing made statements implicating the appellant. After hearing the statements of his co-defendants the appellant entered his plea of guilty. At the hearing on his plea he was asked by the trial judge if he had been threatened or if any promises had been made to him in order to get him to plead one way or the other. To this question the appellant answered "no." He further stated that he had consulted with his attorney and understood the nature of the charge.

The appellee raises the question in this case that the appellant has not complied with all of the requirements of our Rule PC 1(C) ; however the appellee suggested that the appeal nevertheless be handled as a PC 1 proceeding. With this we agree. See *Langley* v. *State* (1971), 256 Ind. 199, 267 N. E. 2d 538, 25 Ind. Dec. 118.

We now turn to the contentions of the appellant.

Appellant first contends that the confessions taken by the police were illegally obtained. It is appellant's claim that the illegality "rests upon confesion under fear of an impending life sentence, which fear was influential upon juvenile co-defendants as upon defendant Lockhart, appellant herein * * *." There was no confession of the appellant introduced in evidence other than his in court plea of guilty. It thus appears appellant is attempting to argue that his guilty plea was not entered voluntarily and freely in view of the prior confessions.

Appellant also contends that his plea of guilty was involuntary due to the fear of an impending life sentence. Where, as here, the appellant is alleging that he has been denied his constitutional rights and that such a denial has led to an involuntary plea of guilty, the trial court must examine the facts and determine whether or not the plea of guilty was in fact entered voluntarily, knowingly and freely. A situation very similar to the case at bar was presented to the Supreme Court of the United States in *Brady* v. *U. S.* (1970), 397 U. S. 742, 25 L. Ed. 2d 747, 90 S. Ct. 1463. In that case the defendant had entered a plea of guilty after a co-defendant had given a confession and entered a plea of guilty, and was known by the defendant to be available to testify against him. The defendant argued that this situation coerced him to enter a plea of guilty. He further contended that the death penalty provision sof the statute under which he was charged also operated to coerce his plea of guilty. The Supreme Court of the United States, beginning at page 749, made the following observations:

"The voluntariness of Brady's plea can be determined only by considering all of the relevant circumstances surrounding it. Cf. Haynes v. Washington, 373 U. S. 503, 513, 10 L. Ed. 2d 513, 520, 83 S. Ct. 1336 (1963) ; Leyra v. Denno, 347 U. S. 556, 558, 98 L. Ed. 948, 950, 74 S. Ct. 716 (1954). One of these circumstances was the possibility of a heavier sentence following a guilty verdict after a trial. It may be that Brady, faced with a strong case against him and recognizing that his chances for acquittal were slight, preferred to plead guilty and thus limit the penalty to life imprisonment rather than to elect a jury trial which could result in a death penalty. But even if we assume that Brady would not have pleaded guilty except for the death penalty provision of § 1201 (a), this assumption merely identifies the penalty provision as a 'but for' cause of his plea. That the statute caused the plea in this sense does not necessarily prove that the plea was coerced and invalid as an involuntary act.

"The State to some degree encourages pleas of guilty at every important step in the criminal process. For some people, their breach of a State's law is alone sufficient rea-

son for surrendering themselves and accepting punishment. For others, apprehension and charge, both threatening acts by the Government, jar them into admitting their guilt. In still other cases, the post-indictment accumulation of evidence may convince the defendant and his counsel that a trial is not worth the agony and expense to the defendant and his family. All these pleas of guilty are valid in spite of the State's responsibility for some of the factors motivating the pleas; the pleas are no more improperly compelled than is the decision by a defendant at the close of the State's evidence at trial that he must take the stand or face certain conviction."

We agree with the above language and hold that it is equally applicable to the case at bar. The Supreme Court in *Brady,* at page 751, continued:

"Insofar as the voluntariness of his plea is concerned, there is little to differentiate Brady from (1) the defendant, in a jurisdiction where the judge and jury have the same range of sentencing power, who pleads guilty because his lawyer advises him that the judge will very probably be more lenient than the jury; (2) the defendant, in a jurisdiction where the judge alone has sentencing power, who is advised by counsel that the judge is normally more lenient with defendants who plead guilty than with those who go to trial; (3) the defendant who is permitted by prosecutor and judge to plead guilty to a lesser offense included in the offense charged; and (4) the defendant who pleads guilty to certain counts with the understanding that other charges will be dropped. In each if these situations, as in Brady's case, the defendant might never plead guilty absent the possibility or certainty that the plea will result in a lesser penalty than the sentence that could be imposed after a trial and a verdict of guilty. We decline to hold, however, that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged."

In the case at bar the fears of the appellant brought about by the surrounding circumstances cannot be considered the

type of coercion which would require the trial court to permit withdrawl of the guilty plea. Under the circumstances the appellant was simply placed in a situation where he was required to make a judgment as to the best course of action for him to take. We cannot say that his decision to plead guilty constituted an involuntary situation simply because of the existence of overwhelming evidence and the threat of a life sentence.

It was certainly within the discretion of the prosecuting attorney to recommend a lesser charge in exchange for appellant's guilty plea. *Taylor* v. *State* (1968), 251 Ind. 236, 236 N. E. 2d 825, 14 Ind. Dec. 303. Appellant's acceptance of this opportunity to enter a plea to a lesser included offense was not rendered involuntary because of the threat of the greater offense.

Appellant also states that his own confession operated as a coercive force inducing him to enter a plea of guilty. The Supreme Court of the United States in *McMann* v. *Richardson* (1970), 397 U. S. 759, 25 L. Ed. 2d 763, 90 S. Ct. 1441, pages 768 and 769, stated:

> ". . . For the defendant who considers his confession involuntary and hence unusable against him at a trial, tendering a plea of guilty would seem a most improbable alternative. The sensible course would be to contest his guilt, prevail on his confession claim at trial, on appeal, or, if necessary, in a collateral proceeding, and win acquittal, however, guilty he might be. The books are full of cases in New York and elsewhere, where the defendant has made this choice and has prevailed. If he nevertheless pleads guilty the plea can hardly be blamed on the confession which in his view was inadmissible evidence and no proper part of the State's case. Since by hypothesis the evidence aside from the confession is weak and the defendant has no reasons of his own to plead, a guilty plea in such circumstances is nothing less than a refusal to present his federal claims to the state court in the first instance—a choice by the defendant to take the benefits, if any, of a plea of guilty and then to pursue his coerced-confession claim in collateral proceedings. Surely later allegations that the confession

rendered his plea involuntary would appear incredible, and whether his plain bypass of state remedies was an intelligent act depends on whether he was so incompetently advised by counsel concerning the forum in which he should first present his federal claim that the Constitution will afford him another chance to plead.

"A more credible explanation for a plea of guilty by a defendant who would go to trial except for his prior confession is his prediction that the law will permit his admissions to be used against him by the trier of fact. At least the probability of the State's being permitted to use the confession as evidence is sufficient to convince him that the State's case is too strong to contest and that a plea of guilty is the most advantageous course. Nothing in this train of events suggests that the defendant's plea, as distinguished from his confession, is an involuntary act. His later petition for collateral relief asserting that a *coerced* confession induced his plea is at most a claim that the admissibility of his confession was mistakenly assessed and that since he was erroneously advised, either under the then applicable law or under the law later announced, his plea was an unintelligent and voidable act. The Constitution, however, does not render pleas of guilty so vulnerable."

Appellant also contends that his plea was not entered freely and voluntarily because he did not understand the nature of the charge against him, and although he was represented by counsel he claims the trial court should have gone into extended interrogation of him to determine whether or not he in fact understood the nature of the charge.

An examination of the record in this case discloses the following exchange between the judge and the defendants, including the appellant:

"COURT: And now, Lockhart, do you have a lawyer?
   A. No sir."

      * * *

"COURT: Do you want Mister Smith to consult with you also?
   A. Yes sir.

 COURT: Alright, Mister Smith, we will let you take these boys to the jury room and consult with them."

     * * *.

(Later in same day)

"COURT: We will let the record show that these boys have consulted with their attorney."

\* \* \*

"COURT: Now, then, your name is Edward Lockhart?

A. Yes sir.

COURT: And your full age?

A. Twenty.

COURT: Alright, you have already been advised as to what charges were filed against you, and an attorney, Mister Smith has been appointed to represent you?

A. Yes sir."

\* \* \*

"COURT: On this charge of Robbery, Mister Smith, have you consulted with your client?

SMITH: Yes, your Honor.

COURT: Alright. Now—

PROSECUTING ATTORNEY: Did you advise him as to the law?

SMITH: Yes, I did.

COURT: I will ask you if you have been advised of your constitutional rights?

A. Yes sir.

COURT: Are you under the effects of any drug or narcotics or anything of that kind?

A. No.

COURT: Have you been threatened or promised anything in order to get you to enter a plea one way or the other?

A. No.

COURT: After having consulted with your attorney Mister Smith, are you ready to say if you want to enter a plea in this Robbery charge?

A. Yes sir.

COURT: And what is your plea?

A. Guilty.

COURT: Mister Smith, for the purpose of the record again, you have consulted with Mister Lockhart here?

SMITH: Yes sir, I have.

COURT: And is there any other questions Mister Lockhart, that you want to ask about this case in any way?

(No answer)"

Three days later the appellant was brought into court for sentencing on his plea. At that time the following exchange occurred between the court and the appellant:

"COURT: Now, Edward Lockhart, you entered a plea of Guilty here, on the sixth day of December, nineteen sixty eight, to the charge of the crime of Robbery. Do you have any change to make in your plea, in any way?

A. No sir.

COURT: You say then—we will ask you if there's any reason or anything you have to say as to why sentence should not now be pronounced upon your plea of Guilty to Robbery heretofore entered?

A. No sir."

From the above exchange it is quite clear the appellant was represented by counsel and had been advised as to the nature of the charge and the consequences of his plea of guilty. The fact that three days after having entered his plea the appellant still indicatd to the court that he did not wish to change his previous plea is further indication that his plea was entered freely and voluntarily, and that he had a full understanding of the consequences.

At the hearing on his petition to withdraw his plea of guilty and set aside his judgment of conviction the appellant had the burden of proof to show his plea of guilty was not entered voluntarily, knowingly and freely. *Penn* v. *State* (1961), 242 Ind. 359, 177 N. E. 2d 889. We see nothing in this record to overcome the presumption that the trial court acted properly in denying appellant's petition. *Dobson* v. *State* (1961), 242 Ind. 267, 177 N. E. 2d 395.

Although we find in this case that the admonitions and questions by the trial court were sufficient to ascertain that the appellant had entered his plea voluntarily, we point out the procedure used by the trial court could be improved upon. In *Boykin* v. *Ala.* (1969), 395 U. S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, the Court stated, beginning at page 243:

> "What is at stake for an acused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to ■ make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought (Garner v Louisiana, 368 US 157, 173, 7 L Ed 2d 207, 219, 82 S Ct 248; Specht v Patterson, 386 US 605, 610, 18 L Ed 2d 326, 330, 87 S Ct 1209), and forestalls the spin-off of collateral proceedings that seek to probe murky memories.[7]"

Footnote 7 above indicated reads as follows:

> "7. 'A majority of criminal convictions are obtained after a plea of guilty. If these convictions are to be insulated from attack, the trial court is best advised to ■ conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences.' Commonwealth ex rel. West v Rundle, 428 Pa 102, 105-106, 237 A 2d 196, 197-198 (1968)."

Even though as in the case at bar a defendant is represented by competent counsel, it is highly recommended that the trial court make the best possible record which may serve at ■ future times to demonstrate that the accused was afforded all pertinent constitutional rights.

In the case at bar we hold the trial court did not err in overruling appellant's verified petition to withdraw his plea of guilty and set aside the judgment of conviction.

The trial court is, therefore, affirmed.

Arterburn, C.J., and Hunter and Prentice, JJ., concur; De-Bruler, J., dissents with opinion.

### DISSENTING OPINION

DEBRULER, J.—I dissent from the majority opinion wherein it states that the record of the arraignment is adequate to show that the appellant entered a plea of guilty "freely and understandingly" as required by the Fourteenth Amendment of the United States Constitution, *Boykin* v. *Alabama* (1969), 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274, and by cases in this Court, *Loucks* v. *State* (1938), 213 Ind. 108, 11 N. E. 2d 694.

A plea of guilty constitutes a waiver of several of appellant's federal and state constitutional rights: (1) The privilege against self-incrimination guaranteed by the Fifth and Fourteenth Amendments to the U. S. Constitution and Art. 1, § 14 of the Indiana Constitution. (2) The right to trial by jury as guaranteed by Art. 1, § 13 of the Indiana Constitution. (3) The right to confront his accusers as guaranteed by the Sixth and Fourteenth Amendments to the U. S. Constitution and Art. 1, § 13 of the Indiana Constitution.

In *Boykin* v. *Alabama, supra,* the United States Supreme Court held that a waiver of these rights may not be inferred from a silent record. The issue then, is whether the arraignment record in this case demonstrates that appellant freely and knowingly waived these rights by pleading guilty. The only portion of the record relevant is as follows:

"COURT: On this charge of Robbery, Mister Smith, have you consulted with your client?

SMITH: Yes, your Honor.

COURT: Altright. Now—

PROSECUTING ATTORNEY: Did you advise him as to the law?

SMITH: Yes, I did.

COURT: I will ask you if you have been advised of your constitutional rights?
A. Yes sir."

Before we could find that appellant waived these rights the record would have to show that he was advised that he possessed such rights. There is no such showing in this case.

It is the duty of the trial court to make it appear on the record that a criminal defendant was properly advised of his rights and freely and understandingly waived them by pleading guilty, and he cannot assume the defendant has obtained this information from some other source.

NOTE.—Reported in 274 N. E. 2d 523.