JEROME PAUL KOPPI *v.* STATE OF INDIANA.

[No. 2-572A10. Filed December 26, 1972.]

*Mrs. Harriette Bailey Conn,* Public Defender, *Paul J. Baldoni,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

WHITE, J.—This is an appeal from the denial of post conviction relief. The case is fully explained by the following excerpts from the record.

1. Following a hearing on petitioner's (appellant's) petition for relief pursuant to Supreme Court Rule P.C.R. 1, the trial court made the following findings:

"Petitioner herein filed his Petition for Post Conviction Relief setting out his grounds under 8 (a) of his petition as follows: Conviction is in violation of U.S. Constitution and the Constitution and laws of Indiana.

"In Section 9 of his Petition he sets forth the following facts in support of the grounds set forth in Section 8 (a) being as follows: 'Conviction was based upon plea of Guilty. Said plea of Guilty was result of direct coercion and threats made against Petitioner. Specifically, the prosecutor in this case informed my co-defendant and our attorneys that if I didn't acquiece (sic) to a plea of Guilty to this charge, he would see that I got two (2) Life sentences. *In point of fact, no act of burglary occurred.*' (Emphasis Added)

"On November 9, 1971 in open court Petitioner testified that he had competent attorney appointed by the Court and that he was thoroughly advised of his constitutional rights at all times.

"Petitioner further testified that he was originally charged with Kidnapping which carries a life sentence and that he had conferred with his attorney regarding the possibility of a lesser charge being filed against him.

"The original charge of Kidnapping was dismissed and the Petitioner was charged with 2nd Degree Burglary. Petitioner further testified that the Prosecuting Attorney never directly threatened him but that his attorney told him he could get a life sentence for Kidnapping or as a habitual criminal.

"Petitioner further testified that no threats or coercion was made or used and his statements were definitely voluntary, and absent of any promises or threats.

"Petitioner further testified that he had had no extended conversation with the Prosecuting Attorney and no threats were ever made by the Prosecuting Attorney.

"Petitioner further testified that his plea of guilty to the charge of Second Degree Burglary was a voluntary action to get a lighter sentence; that he had no hope of beating a

life sentence; therefore, he entered a voluntary plea of guilty to the charge of Second Degree Burglary which was a two to five year sentence.

"From the Petitioner's own testimony the Court finds that Petitioner has not substantiated the grounds set out in his Petition for Post Conviction Relief and therefore the Court over-rules his Petition for Post Conviction Relief."

2. The gist of petitioner's case (which is also its inherent logical fallacy) is set forth in Specification 1 of his Motion to Correct Errors which reads:

"That the order by the court in this decision filed on December 1, 1971, is erroneous in that the court found that:

'Petitioner further testified that his plea of guilty to the charge of Second Degree Burglary was a voluntary action to get a lighter sentence; that he had no hope of beating a life sentence; therefore he entered a voluntary plea of guilty to the charge of Second Degree Burglary which was a two to five year sentence.'

whereas, the petitioner testified that his fear of a life sentence for Kidnapping or as a Habitual Offender as a result of a jury trial induced him to plead guilty to the charge of Second Degree Burglary. In short, petitioner testified that he had no other reasonable choice but to avoid trial by plea to the charge of Second Degree Burglary and therefore his plea of guilty was not voluntary, but coerced."

3. The rationale of the trial court's ruling (which we here affirm) is further elucidated in the record made by the court in overruling the Motion to Correct Errors, as follows:

"As set out in Defendant's Motion to Correct Errors on Hearing for Post Conviction Relief and the determination of the Court thereon, the Court finds that defendant Jerome Paul Koppi was charged with Kidnapping; that the Prosecuting Attorney reduced the charge to Second Degree Burglary to which the defendant entered a plea of guilty.

"In Defendant's Specification 1 of Motion to Correct Errors, he testified that his fear of a life sentence for Kidnapping as a result of a jury trial induced him to plead guilty to a charge of Second Degree Burglary. Therefore the plea of Guilty was coerced.

"The Court finds that the defendant Jerome Paul Koppi had the opportunity of asking for trial by jury on a charge of Kidnapping or entering a plea of Guilty to Second Degree Burglary and that he chose to enter a plea of guilty to Second Degree Burglary which was a voluntary act upon his part, and no coercion either by the State of Indiana or the Court.

"THEREFORE Defendant's Motion to Correct Errors is overruled."

The Supreme Court of Indiana recently decided an almost identical case arising out of the trial court's denial of a petition to withdraw a plea of guilty to a lesser included offense. Speaking for the court in *Lockhart* v. *State* (1971), 257 Ind. 349, 274 N.E.2d 523, 27 Ind. Dec. 509, Mr. Justice Givan quoted extensively from *Brady* v. *United States* (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L. Ed. 2d 747, in which case he said:

". . . the defendant had entered a plea of guilty after a co-defendant had given a confession and entered a plea of guilty, and was known by the defendant to be available to testify against him. The defendant argued that this situation coerced him to enter a plea of guilty. He further contended that the death penalty provisions of the statute under which he was charged also operated to coerce his plea of guilty." (274 N.E.2d at 525.)

Included in the quotation is the following from the United States Supreme Court's opinion:

"The State to some degree encourages pleas of guilty at every important step in the criminal process. For some people, their breach of a State's law is alone sufficient reason for surrendering themselves and accepting punishment. For others, apprehension and charge, both threatening acts by the Government, jar them into admitting their guilt. In still other cases, the post-indictment accumulation of evidence may convince the defendant and his counsel that a trial is not worth the agony and expense to the defendant and his family. All these pleas of guilty are valid in spite of the State's responsibility for some of the factors motivating the pleas; the pleas are no more improperly compelled

than is the decision by a defendant at the close of the State's evidence at trial that he must take the stand or face certain conviction." (274 N.E.2d at 525 quoting 90 S. Ct. at 1469.)

Further:

"Insofar as the voluntariness of his plea is concerned, there is little to differentiate Brady from . . . (3) the defendant who is permitted by prosecutor and judge to plead guilty to a lesser offense included in the offense charged; . . . In each of these situations, as in Brady's case, the defendant might never plead guilty absent the possibility or certainty that the plea will result in a lesser penalty than the sentence that could be imposed after a trial and a verdict of guilty. We decline to hold, however, that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." (274 N.E.2d at 526, quoting 90 S.Ct. at 1470.)

What Justice Givan then said of the case then at bar applies with equal force here:

"In the case at bar the fears of the appellant brought about by the surrounding circumstances cannot be considered the type of coercion which would require the trial court to permit withdrawal of the guilty plea. Under the circumstances the appellant was simply placed in a situation where he was required to make a judgment as to the best course of action for him to take. We cannot say that his decision to plead guilty constituted an involuntary situation simply because of the existence of overwhelming evidence and the threat of a life sentence.

"It was certainly within the discretion of the prosecuting attorney to recommend a lesser charge in exchange for appellant's guilty plea. Taylor v. State (1968), 251 Ind. 236, 236 N.E.2d 825, 14 Ind. Dec. 303. Appellant's acceptance of this opportunity to enter a plea to a lesser included offense was not rendered involuntary because of the threat of the greater offense." (274 N.E. 2d at 526.)

Of course our case at bar differs from *Lockhart,* and from the example (3) mentioned in *Brady,* in that the lesser offense to which petitioner was permitted to plead guilty was not *included* in the crime of kidnapping with which he was originally charged. This difference has no distinguishing significance save for the petitioner's contention that he pleaded guilty "to a charge that never took place", by which he apparently means that his involvement in the breaking into an automobile was not with intent to deprive the owner permanently of its possession, nor was that intent alleged in the charging affidavit, thus no burglary was charged. This contention, if it be such, was not presented to the trial court at the post conviction hearing nor at the arraignment and has been waived. *Robbins* v. *State* (1971), 257 Ind. 273, 274 N.E.2d 255, 258, 27 Ind. Dec. 293, 298. However, we fail to see that it has any merit in any event. Appellant's argument implies that he did participate in the breaking into and taking of the automobile and therefore there was a factual basis for the charge and for the guilty plea *under the circumstances of this case. North Carolina* v. *Alford* (1970), 400 U.S. 25, 38, 39, 27 L.Ed.2d 162, 171, 172, 91 S. Ct. 160, 167, 168.

Appellant has also attempted to inject for the first time on appeal the contention that his being held for safekeeping at the Indiana State Prison made him more susceptible "to inducements to plead guilty." He does not contend, however, that he was ordered to the prison for that purpose nor does he question the propriety of the safekeeping order. (His own testimony at the PC hearing was "that at the time of his arrest in Indiana he was an escapee from an Illinois prison".)

The judgment of the trial court is affirmed.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 290 N.E.2d 498.