LEON PETTYJOHN *v.* STATE OF INDIANA.

[No. 2-1073A218. Filed September 5, 1974.]

Harriette Bailey Conn [Mrs.], Public Defender of Indiana, Darrell F. Ellis, Deputy Public Defender, for appellant.

Theodore L. Sendak, Attorney General, Henry O. Stitler, Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Petitioner-Appellant Leon Pettyjohn (Pettyjohn) appeals from the trial court's denial of his Petition for Post-Conviction Relief, claiming his guilty plea was not voluntarily and knowingly entered.

We affirm.

## FACTS

On June 29, 1967, Pettyjohn was indicted for First Degree Murder and entered a plea of not guilty at his arraignment on August 23, 1967. Subsequently, on December 11, 1967, Pettyjohn and two co-defendants appeared with counsel and indicated to the trial court that they wished to withdraw their previously entered pleas and plead guilty to lesser charges. Pettyjohn then entered a plea of guilty to Manslaughter.[1]

---

1. It is of no consequence that petitioner pleaded guilty to Manslaughter without qualification as to whether it was voluntary or involuntary. In 1967 the sentence for both crimes was the same. The petitioner raised no question on this point.

Prior to accepting their guilty pleas the trial court carefully examined each of the defendants, informing them of the nature of, and the punishment for, the crime to which they were pleading guilty. They were also advised of their Constitutional rights and the consequences of a decision to plead guilty. When asked by the trial court whether he was pleading guilty because of any threats or promises made to him, Pettyjohn replied in the negative.

After accepting Pettyjohn's plea of guilty to Manslaughter, the trial court imposed a sentence of a term of not less than two nor more than twenty-one years.

On November 24, 1969, Pettyjohn filed his Petition for Post-Conviction Relief, alleging his guilty plea was not knowingly and voluntarily entered. At the hearing on this petition, Pettyjohn testified that his guilty plea resulted from physical threats by Indianapolis police officers and his own fear of being sent to the electric chair. He further testified that he was incorrectly informed by these officers that his co-defendants had already implicated him and that they would be available to testify against him if he went to trial.

This testimony was directly contradicted by the two Indianapolis police officers (Uberta and Marcum) in charge of Pettyjohn's case. They stated they did not threaten, promise, coerce or misinform Pettyjohn in any way and knew of no such conduct by any other police or prosecutor personnel.

Pettyjohn's petition was denied, and he appeals.

## ISSUE

Did the trial court err in finding that Pettyjohn had not demonstrated that his guilty plea was involuntarily entered?

Pettyjohn flatly asserts that the police misinformed and threatened him both with bodily harm and a severe sentence, causing him to enter a guilty plea.

The State replies that fear of being convicted of a more

serious charge does not render a guilty plea to a lesser offense involuntary. Further, the State negated Pettyjohn's allegations by pointing to the conflicting evidence in the record.

## DECISION

CONCLUSION—It is our opinion that Pettyjohn failed to show by a preponderance of the evidence that his plea of guilty to Manslaughter was entered involuntarily.

A Post-Conviction proceeding is in the nature of a civil action. Petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. Post-Conviction Remedy Rule 1, § 5; *Lockhart* v. *State* (1971), 257 Ind. 349, 274 N.E.2d 523.

An unsuccessful petitioner stands in the position of one appealing from a negative judgment. It is only where the evidence leads but to one conclusion and the trial court has reached an opposite conclusion that the decision will be disturbed as being contrary to law. *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499; *Souerdike* v. *State* (1952), 231 Ind. 204, 108 N.E.2d 136; *Pettit* v. *State* (1974), 160 Ind. App. 63, 310 N.E.2d 81.

There is substantial evidence by two police officers that Pettyjohn was neither physically threatened nor given any misinformation which may have coerced him in any way.

Furthermore, there is testimony by Pettyjohn that he pleaded guilty to the lesser offense of Manslaughter in order to avoid any possibility of greater punishment for the charge of Murder. When asked by his own counsel why he pleaded guilty to the lesser offense of Manslaughter, Pettyjohn replied, "Well, two to twenty-one is bad enough to do, but it's better than a life sentence, or a double life sentence, so I entered a plea of guilty to Manslaughter."

If a guilty plea is the product of threatened physical harm by agents of the State or of mental coercion overcoming the

will of the defendant, the court must allow it to be withdrawn. *Brady* v. *United States* (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; *Lockhart, supra,* 257 Ind. 349, 274 N.E.2d 523. But mere fear of conviction of a greater offense than the one a defendant is pleading guilty to is not such coercion or intimidation as to render a guilty plea involuntary. In *Brady,* the United States Supreme Court stated:

> "We decline to hold, however, that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or a probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." *Brady, supra,* at 751, 90 S.Ct. at 1470.

Similarly, in *Lockhart:*

> "Under the circumstances the appellant was simply placed in the situation where he was required to make a judgment as to the best course of action for him to take. We cannot say that his decision to plead guilty constituted an involuntary situation simply because of the existence of overwhelming evidence and the threat of a life sentence." *Lockhart, supra,* 274 N.E.2d at 526.
> *See, also,*
> *Bonner* v. *State* (1973), 156 Ind. App. 513, 297 N.E.2d 867, 870.

Pettyjohn's claim of an involuntary guilty plea is based on conflicting evidence as to improper police tactics and mere fear of a potentially greater sentence . . . and therefore must fail.

Denial of the Appellant's Petition is therefore affirmed.

Sullivan, P.J., and White, J., concur.

NOTE.—Reported at 315 N.E.2d 729.