676

WILLIAM WILLOUGHBY AND HENRY TILLBERRY, JR. *v.*
STATE OF INDIANA.

[No. 2-774A181. Filed July 3, 1975.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana,
*Bruce H. Klang,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Harry John Watson,
III,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendants-appellants, Willoughby and Till-
berry, entered guilty pleas to Safe Burglary, IC 1971, 35-1-
61-1, Ind. Ann. Stat. § 10-702a (Burns 1956). After denial of
relief pursuant to proceedings under Post Conviction Remedy
Rule 1, they appeal, raising two issues for review:

(1) Whether the court erred in not finding that defendants'
guilty pleas should be withdrawn because they were not
voluntarily and intelligently entered.

(2) Whether the court improperly accepted guilty pleas to
the crime of Safe Burglary when the facts at arraignment
showed the court that defendants did not commit acts con-
stituting the elements of that offense.

On November 13, 1972, two liquor stores in Frankfort
were the subject of armed robberies, both apparently executed
by the same three men. Two of the men, the defendants

herein, were later identified, arrested and taken to jail at Frankfort. After explanation of their rights, the defendants engaged in extensive plea bargaining with the police and prosecuting attorney. A "bargain" was finally struck to the effect that if Willoughby and Tillberry would fully disclose the details of the two robberies, including the identity of the third participant, they could plead guilty to the offense of safe burglary and receive an executed five to ten year sentence. The State promised to withdraw the charge filed and refrain from filing certain additional charges, with the proviso that if defendants later successfully pursued post conviction relief, the robbery charges could be filed or reinstated.

Throughout the several bargaining sessions many references were made by the prosecuting attorney to the possibility of tacking the sentence for robbery (10 to 25 years) onto the sentence for committing a felony while armed (5 to 30 years), resulting in a possible maximum term of 55 years. The record is replete with conversation between the prosecutor and the defendants speculating upon the possibility of a combined 55 year sentence.

Although the above offenses are proscribed by separate statutes IC 1971, 35-12-1-1, Ind. Ann. Stat. § 10-4709, (Burns Supp. 1974), IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956), our Supreme Court has held that since Robbery is a lesser included offense of Armed Robbery, a defendant cannot receive both the greater and lesser penalties for a single offense.

In *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N.E.2d 815, the Supreme Court stated:

> "From a literal reading of the provisions of Burns' § 10-4709, *supra,* the offense of Robbery while Armed would appear to be a distinct offense, with Robbery a separate and not included offense. This Court, however, has consistently ruled that Robbery is a lesser *included* offense of Armed Robbery, and that it is error for a defendant to be convicted of both offenses stemming from the same acts. *Carter* v. *State* (1951), 229 Ind. 205, 96 N.E.2d 273; *Kokenes* v. *State* (1938), 213 Ind. 476, 13 N.E.2d 524;

*Polson* v. *State* (1893), 137 Ind. 519, 35 N.E. 907; *Taylor* v. *State* (1968), 251 Ind. 236, 236 N.E.2d 825."

Thus, it appears that defendants were misinformed as to the possibility of serving consecutive sentences for convictions of a greater and lesser offense. However, the record reveals that such misinformation was remedied at arraignment:

"Q. (By the Court) Mr. Pearson, was there contact with Mr. Willoughby by the Prosecutor's Office?

LINLEY E. PEARSON, PROSECUTING ATTORNEY:

Yes your Honor at the same time that I talked to Mr. Tillberry I also talked to Mr. Willoughby and the same statements that I made previously in the case of Mr. Tillberry also apply to Mr. Willoughby. I would also point out to the Court that the Prosecutor's Office told both these men that on any charge whether it be, whether it would be robbery or safe burglary or armed robbery if they arise out of two separate incidents that if convicted of both charges, two armed robbery charges, two robbery charges, or a robbery and a separate armed robbery charge that any time, or safe burglary charge, that any time served would be served concurrently, that this wouldn't be stacked on the, time wouldn't be stacked on them and they understand this I believe. . . ."

Despite the conflicting evidence on the question of the misrepresentation by the prosecutor concerning the 55 year sentence, defendants maintain that the misrepresentation was not cured and that it induced their guilty pleas. They therefore contend that the trial judge erroneously denied their post conviction requests to withdraw their guilty pleas. We do not agree.

It is well settled that the petitioners have the burden of establishing their grounds for relief by a preponderance of the evidence. Ind. Rules of Procedure, Post Conviction Remedy Rule 1, Section 5; *Maxwell* v. *State* (1974), 262 Ind. 526, 319 N.E.2d 121; *Pettyjohn* v. *State* (1974), 161 Ind. App. 418, 315 N.E.2d 729. Thus, defendants' appeal is one from a negative judgment which

can only be overturned where the evidence is without conflict and leads to but one conclusion and the trial court has reached an opposite conclusion. *Smith* v. *State* (1974), 161 Ind. App. 95, 314 N.E.2d 792; *Cross* v. *State* (1974), 161 Ind. App. 616, 316 N.E.2d 685; *Pettyjohn* v. *State, supra.*

In the case at bar the trial court could have believed that defendants entered their respective pleas as a result of their fear of the threatened 55 year sentence, or the court in weighing the evidence with all the other facts and surrounding circumstances, could have treated the defendants' expression of fear as an afterthought, and because of its subjective and self-serving nature, disbelieved it and instead, believed the prosecutor's statement concerning the understanding that all sentences would run concurrently. The choice rested with the trier of fact, not with this court.

Aside from the defendants' natural apprehension of a long sentence there were many other factors present which could have reasonably led the trial court to infer that the pleas were not based upon fear of the 55 year term. During the plea bargaining sessions the defendants knew that they were accused of not one, but two separate armed robberies; that a maximum possible sentence on each of them was 30 years and that they could be charged and tried with either one or both offenses. At arraignment the defendants stated that their pleas had not been induced by threats. The court was quite meticulous in other respects, making a complete explanation of defendants' fundamental rights, ensuring that they fully understood them. All evidence points to the conclusion that the defendants fully understood the consequences of their guilty pleas.

We conclude that the trial court had a sound basis for denying petitioners' post conviction relief. From the above evidence the court could well infer that the defendants' guilty pleas resulted from the promise to drop all armed robbery charges and was not influenced by any confusion existing concerning the 55 year sentence.

Defendants have failed to establish that the evidence at their post conviction hearing was without conflict and susceptible of but one conclusion and that the trial court reached a contrary result. Accordingly we find no error in the denial of defendants' petition on the first ground asserted.

Defendants' second contention that there was no showing that they committed acts constituting the elements of Safe Burglary has not been preserved for review. After stating this issue early in their brief, they fail to mention it again in the argument portion. This results in waiver. See, Ind. Rules of Procedure, Appellate Rule 8.3 (A) (7) and *Williams* v. *State* (1973), 260 Ind. 543, 297 N.E.2d 805.

Judgment affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 330 N.E.2d 120.