RICKEY LEE LAZZELL *v.* STATE OF INDIANA.

[No. 1-1173A193. Filed January 16, 1974. Rehearing denied February 11, 1974. Transfer denied May 13, 1974.]

*Edward F. McCrea, McCrea & McCrea,* of Bloomington, for appellant.

*Theodore L. Sendak,* Attorney General, *Glenn A. Grampp,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The defendant-appellant (Lazzell) is appealing the denial of his petition for post-conviction relief. The issue is whether he was entitled to an attorney at the hearing to revoke his probation.[1]

On January 20, 1969, Lazzell, a juvenile who had been waived to circuit court, entered a plea of guilty to a reduced charge of theft of property from the person and of less than $100 in value. On the 5th of August, 1970, a petition to revoke probation was granted, however, counsel appeared for Lazzell and successfully stayed the imposition of the sentence. A subsequent hearing later in the month produced new terms of probation and the prior order of commitment was rescinded. On the 31st of August, 1970, after learning that Lazzell had not abided by the terms of his probation,

---

1. IC 35-7-2-2, Ind. Ann. Stat. § 9-2211 (Burns 1973 Supp.) applicable to the 1970 revocation proceedings, provides that the "probationer may be represented by counsel of his choice." It should also be noted that the traditional view of Indiana courts is that probation is discretionary on the part of the trial court and not a matter of right for the defendant. See *Farmer* v. *State,* (1971) 257 Ind. 629, 275 N.E.2d 783.

the trial court ordered a bench warrant for his arrest. Lazzell's attorney withdrew from the case with leave of court on the day before the hearing on the reopened petition for revocation of probation. The trial court, on the 30th of September, 1970, revoked the probation and ordered Lazzell committed in conformity with the originally imposed sentence. Lazzell was not represented by, nor offered, counsel at the second revocation hearing.

For the reasons discussed hereafter we are of the opinion that no error exists.

P.C.R. 1(E) states: "The petitioner has the burden of establishing the grounds for relief by a preponderance of the evidence." We are of the opinion that this burden was not carried. Other than Lazzell's assertion that he wanted an attorney at the second revocation hearing, we find no other evidence from which the trial court could have inferred error which would require the granting of the petition for post-conviction relief. At the hearing for post-conviction relief, Lazzell acknowledged that he knew the terms of his "new" probation and that he did not comply with them. More importantly, however, there was no testimony regarding the existence of mitigating circumstances at the time of the violation of the conditional probation. Because of the relatively simple question before the trial court, i.e., was there a knowing noncompliance of probation terms, it is not made apparent where the use of the lawyer's skills of developing facts helpful to Lazzell would have served a constructive purpose. We reject as conjecture Lazzell's argument that because he had counsel subsequent to the first revocation hearing and successfully warded off incarceration, then the probabilities of similar success were enhanced at the second hearing.

The legal basis for Lazzell's argument rests generally with Article 1, § 13 ("Rights of Accused") of the Constitution of the State of Indiana and the Fourteenth Amendment of the Constitution of the United States, and more specifically upon the case of *Mempa* v. *Rhay* (1967), 389 U.S. 128, 88 S.Ct. 254,

19 L.Ed.2d 336. *Mempa* v. *Rhay, supra,* stands for the proposition that the services of counsel are required where there is a concurrent revocation of probation, imposition of sentence, and the trial judge's recommendation as to the actual amount of time to be served by the defendant (as provided for in the State of Washington's deferred sentencing statute). The theory is founded upon the legal fact that sentencing is a critical stage of the proceedings. *Townsend* v. *Burke* (1948), 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed.2d 1690; *Gideon* v. *Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. We believe that the substantial difference in the procedure employed by the State of Washington and that utilized by this state does not make *Mempa, supra,* viable authority for the issue at hand. In this appeal there is no question raised as to the representation by counsel at the time of the guilty plea to theft and the subsequent sentencing.

The state, ignoring any question regarding the retroactive application of the so-called "prophylactic" constitutional safeguards, urges that *Gagnon* v. *Scarpelli* (1973), 411 U.S. 788, 93 S.Ct. 1756, 36 L.Ed.2d 656, is controlling in the instant case. At the risk of oversimplification, *Gagnon* v. *Scarpelli, supra,* holds that the need for counsel at hearings to revoke probation may be examined on a case by case basis, however, in so doing procedural guidelines similar to those set forth in *Morrissey* v. *Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, (revocation of parole) should be followed. Because of our holding that Lazzell did not sustain his burden of proof we need not pass upon *Gagnon's* application to this instant case. We do note that the recent case of *Russell* v. *Douthitt,* (1973), 261 Ind. 428, 304 N.E.2d 793, utilizes the collective authority of *Gagnon* v. *Scarpelli* and *Morrissey* v. *Brewer, supra,* to take the super-safe position that there is an absolute right to counsel at parole revocation proceedings. This could well be a signal to trial judges of what may be required in the future when faced with revocation of probation.

Finding no reversible error the judgment of the trial court is affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 305 N.E.2d 884.