WALTER JAMES BAYNARD, JR. *v.* STATE OF INDIANA.

[No. 2-1073A219. Filed October 31, 1974.]

*Harriette Bailey Conn [Mrs.]*, Public Defender of Indiana, *Darrell F. Ellis*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, for appellee.

CASE SUMMARY

BUCHANAN, J.—Petitioner-Appellant Walter James Baynard, Jr. (Baynard) appeals from the trial court's denial of post-conviction relief from a jury verdict finding him guilty of Robbery, claiming ineffective trial counsel.

We affirm.

CASE HISTORY

Following his conviction of Robbery by jury, Baynard perfected a direct appeal from the trial court culminating in the Supreme Court decision of *Baynard* v. *State* (1972), 259 Ind. 336, 286 N.E.2d 844. In that appeal Baynard challenged

his conviction upon the basis of insufficient evidence and misconduct of counsel (the prosecutor). Finding for the State on both issues, the Court affirmed his conviction.

## FACTS

The facts most favorable to the State are as follows:

On July 3, 1970, at about 9:00 A.M., Baynard and an accomplice, James Kittrell, entered an A & P grocery store. Baynard, armed with a revolver, demanded all the money in the store from its manager, David Law. Kittrell collected the funds from the cash register and the cash drawer in the office, and the pair fled.

Law later identified Baynard as the robber by viewing photographs at the police station selecting his photograph as being the robber.

Baynard was then arrested and charged by affidavit on September 10, 1970, with Robbery of One Hundred Ninety-two Dollars ($192.00).

Law also identified Baynard at a subsequent lineup and positively identified him at trial.

Baynard was found guilty as charged and sentenced by the trial court to imprisonment for a period of not less than ten (10) nor more than twenty (20) years.

In September, 1972, Baynard filed his Petition for Post-Conviction Relief pursuant to P.C. 1(a) claiming insufficient evidence, denial of counsel at preliminary hearing, and incompetency of trial counsel. Hearing was held on February 2, 1973.

He testified that on the morning of July 3, 1970, the day of the robbery for which he was charged, he was at home with his brother, Emerson Baynard. Later, at about the time he was allegedly committing the robbery (9:00 A.M.), Baynard and his brother walked to the house of Ada Carr, to aid in the preparation of a picnic for the following day, where the three remained until noon of July 3rd,

Baynard further testified that he communicated the above facts to his court-appointed attorney together with the names and addresses of these alibi witnesses.

Baynard's testimony was corroborated by Miss Carr and Emerson Baynard, both substantiating the fact that Baynard was with them at all times during July 3, 1970, until noon. Neither had been contacted by Baynard's attorney concerning the possibility of serving as alibi witnesses.

The State's only witness at the hearing, Baynard's court-appointed counsel, testified that he had not pursued an alibi defense during the trial because Baynard had never indicated to him the possibility of this defense, or the existence of any alibi witnesses. Counsel did indicate, however, that Baynard may have given him one of the names for the purpose of securing money for a bond.

The State filed an Answer alleging waiver of all errors alleged in Baynard's Petition, except as to incompetency of counsel.

Upon the foregoing evidence, the trial court found that Baynard had failed to prove by a preponderance of the evidence that he had notified his counsel of the alibi defense. The trial court concluded that the defense counsel competently and adequately represented Baynard prior to and during trial, and that all other issues raised by Baynard in his Petition for Post-Conviction Relief had been waived or previously adjudicated by the Supreme Court in Baynard's direct appeal.

Pursuant to P.C. 7, Indiana Rules of Procedure, Baynard appeals the trial court's affirmance of his conviction.

## ISSUES

### ISSUE ONE

Has Baynard waived his allegation of errors as to insufficiency of the evidence and denial of counsel at the preliminary hearing?

ISSUE TWO

Did the trial court properly conclude that Baynard was not denied the right to effective counsel?

As to ISSUE ONE, Baynard argues these contentions on their merits, claiming that the veracity of Kittrell's testimony was doubtful and the in-court identification by Law was tainted (i.e., the sufficiency of the evidence), and that the court erred by not appointing an attorney to represent Baynard at the preliminary hearing.

The State contends that these issues have been waived because the State filed an Answer claiming waiver, and the trial court so found in its Conclusions of Law.

As to ISSUE TWO, Baynard contends that his trial attorney's failure to investigate and pursue a possible alibi defense after being informed by Baynard of the names of witnesses resulted in denial of effective trial counsel.

The State responds that the conflicting testimony presented at the hearing was insufficient to prove by a preponderance of the evidence that Baynard received inadequate representation of counsel at trial.

### DECISION

ISSUE ONE

CONCLUSION—It is our opinion that Baynard has waived issues relating to sufficiency of the evidence and lack of court-appointed counsel at the preliminary hearing, because he failed to rebut the waiver defense specifically raised by the State by presenting some substantial basis or circumstance mitigating his failure to raise these issues in his previous appeal.

The State interposed the defense of waiver to both issues by way of Answer to Baynard's Petition for Post-Conviction Relief. The State pursued the defense at the hearing and the trial court ultimately concluded that Baynard had waived the issues or had them adjudicated in his prior direct appeal to the Supreme Court.

In explaining why the post-conviction relief rules should not be utilized to attain a "super-appeal" entitling a defendant to "repeatedly relitigate claims of improper conviction", Justice Hunter said:

"Where the defense of waiver is raised, we have already noted that a petitioner must then present some substantial basis or circumstance which would satisfactorily mitigate his failure to pursue or perfect a remedy through the normal procedural channels, i.e., rebut the legal validity of the waiver defense."

Langley v. State (1971), 256 Ind. 199, 211, 267 N.E.2d 538, 545.

See also,

Johnson v. State (1974), 262 Ind. 183, 313 N.E.2d 542; Dixon v. State (1972), 154 Ind. App. 603, 290 N.E.2d 731.

Neither the record nor Appellant's brief reveals any proffered ". . . basis or circumstance which would satisfactorily mitigate his failure to pursue or perfect a remedy through the normal procedural channels, i.e., rebut the legal validity of the waiver. . . ." [Langley v. State, supra.] Accordingly, we deem these issues waived. See, Brown v. State (1974), 261 Ind. 619, 308 N.E.2d 699; Garr v. State (1974), 262 Ind. 134, 312 N.E.2d 70; Curry v. State (1972), 154 Ind. 685, 290 N.E.2d 729.

ISSUE TWO

CONCLUSION—It is our opinion that the trial court did not err in concluding that Baynard failed to prove denial of effective counsel at trial.

An unsuccessful petitioner for post-conviction relief is appealing a negative judgment and consequently must show that the evidence presented led to but one conclusion and the trial court reached an opposite conclusion, before this Court will disturb that decision as being contrary to law. See, Hoskins v. State (1973), 261 Ind. 291, 302

N.E.2d 499; *State* v. *Smithers* (1971), 256 Ind. 512, 269 N.E.2d 874; *Pettyjohn* v. *State* (1974), 161 Ind. App. 566, 315 N.E.2d 729; *Pettit* v. *State* (1974), 160 Ind. App. 63, 310 N.E.2d 81.

Also, the petitioner at the post-conviction hearing has the burden of establishing his grounds for relief by a ▉ preponderance of the evidence. [P.C. 5]. *See, Lockhart* v. *State* (1971), 257 Ind. 349, 274 N.E.2d 523.

Numerous recent Indiana cases establish that the presumption of effective representation by trial counsel can only be overcome by convincing evidence:

"There is a presumption that defense counsel is competent, and this presumption can be overcome only if it ▉ can be shown that what the attorney did, or did not do, made the proceedings a mockery and shocking to the conscience of the Court. *Robbins* v. *State* (1971), [257] Ind. [273], 274 N.E.2d 255."
*State* v. *Irvin* (1973), 259 Ind. 610, 291 N.E.2d 70, 73.

*See also,*

*Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 683;
*Johnson* v. *State* (1973), 157 Ind. App. 372, 300 N.E.2d 369.
*Conley* v. *State* (1972), 259 Ind. 29, 284 N.E.2d 803;
*Robbins* v. *State* (1971), 257 Ind. 273, 274 N.E.2d 255;
*Sargeant* v. *State* (1973), 157 Ind. App. 173, 299 N.E.2d 219;
*Tibbs* v. *State* (1973), 158 Ind. App. 485, 303 N.E.2d 294;
*Isaac* v. *State* (1971), 257 Ind. 319, 274 N.E.2d 231;
*Hathaway* v. *State* (1968), 251 Ind. 374, 241 N.E.2d 240;
*Kelly* v. *State* (1972), 259 Ind. 414, 287 N.E.2d 872;
*Langley* v. *State* (1968), 250 Ind. 29, 232 N.E.2d 611;
*Shuemak* v. *State* (1970), 254 Ind. 117, 258 N.E.2d 158;
*Schmittler* v. *State* (1950), 228 Ind. 450, 93 N.E.2d 184;
*Hochman* v. *State* (1973), 157 Ind. App. 419, 300 N.E.2d 373.

The evidence presented at the hearing was in conflict. Baynard claimed that he informed counsel of his alibi and

provided him with the names and addresses of alibi witnesses. Counsel testified he was never informed of any alibi, nor was he supplied with the names of Ada Carr or Emerson Baynard as possible alibi witnesses.

The trial court weighed the conflicting evidence—we will not. Its conclusion that Baynard's defense was conducted with "reasonable skill and diligence" was not contrary to law. [*Bays* v. *State* (1959), 240 Ind. 37, 159 N.E.2d 393, 399]. *See, Brown* v. *State* (1974), 261 Ind. 619, 308 N.E.2d 699; *Harrison* v. *State* (1973), 155 Ind. App. 231, 292 N.E.2d 612; *Dixon* v. *State* (1972), 154 Ind. App. 603, 290 N.E.2d 731; *Langley* v. *State, supra.*

The evidence presented by the State tended to prove that counsel's representation of Baynard was conducted satisfactorily.

The judgment of the trial court is accordingly affirmed.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 317 N.E.2d 897.