Joseph E. SALES, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 4–683A192.

Court of Appeals of Indiana,
Fourth District.

June 21, 1984.

Mark A. Ryan, Public Defender, Tippecanoe County, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Defendant-Appellant Joseph E. Sales, convicted at jury trial of battery, seeks review of his sentence, asserting that the trial court erred: 1) in admitting into evidence at sentencing hearing a copy of a police report relating to defendant's juvenile record, 2) in imposing a term of 30 days imprisonment without credit time as a condition of a suspended sentence, 3) in ordering restitution for the victim's injuries

as a further condition of probation, despite the jury's failure to convict defendant of battery causing bodily injury, and 4) in ordering restitution without inquiry into the defendant's ability to pay.

Originally charged by information with battery causing bodily injury, a class A misdemeanor, Sales was convicted by jury on April 13, 1983, of the lesser included offense of battery as a class B misdemeanor under IND.CODE 35–42–2–1. The evidence at trial indicated that the victim was sitting in a parked car when the defendant accosted him and struck him about the face several times, breaking three of his teeth. The victim then attempted to avoid further injury by driving away, but in his confusion collided with a trash dumpster, damaging his vehicle.

At sentencing on April 22, 1983, the trial court imposed a term of imprisonment of 180 days, the maximum sentence for a class B misdemeanor under IND.CODE 35–50–3–3, and fined the defendant $100. The judge suspended this sentence, however, upon the conditions, inter alia, that defendant pay restitution to his victim for personal injuries and property damage, and that he serve a 30-day jail term without credit for good time.

Appellant does not challenge his conviction but asserts that the trial court erred in several respects at sentencing. First, he contends that the trial court erred in admitting into evidence at the sentencing hearing a copy of a police report regarding a prior battery committed by the defendant as a juvenile. The State's witness introducing the report, Juvenile Probation Officer Mary Gobble, had access to this report while supervising Sales' earlier probation. Before testifying at trial, however, she had never seen a recent entry on the face of the document, a police detective's handwritten notation reading:

> "*Dan!* This is the last battery case which our department investigated. The pattern appears to be the same.
> Withers"

Appellant characterizes this police report as hearsay, improperly admitted under the business records exception because Probation Officer Gobble neither made the original entry nor had custodial care of the police records, and because she lacked any knowledge regarding the handwritten notation.

■ As appellant concedes, however, the rules of evidence are considerably relaxed at sentencing. Reliance upon hearsay in assessing punishment is not per se improper, *Williams v. Oklahoma,* (1959) 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516; *United States v. Harris,* (7th Cir.1977) 558 F.2d 366, and our courts have sanctioned the admission of juvenile records and precommitment reports containing hearsay. *Carlin v. State,* (1970) 254 Ind. 332, 259 N.E.2d 870; *Hineman v. State,* (1973) 155 Ind.App. 293, 292 N.E.2d 618. The court in *Hineman* cites the language of *Williams v. New York,* (1949) 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed.2d 1337, in its discussion of the rationale for this relaxation of evidentiary rules:

> "A sentencing judge ... is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics."

■ As in *Hineman,* the sentencing judge here considered the report concerning defendant's juvenile record only after the question of guilt had been determined. Appellant has failed in several respects to demonstrate that the admission of this evidence was prejudicial in the determination of his sentence. First, the handwritten notation related chiefly to the question of defendant's guilt in the present case and otherwise added little to the facts recited in the police report. Secondly, the defense never questioned the veracity of these underlying facts regarding the battery committed as a juvenile, but rather openly admitted to the prior adjudication at sentenc-

ing. Finally, we have no indication that the sentencing judge unduly relied upon information contained in the police report; suspension of defendant's sentence would in fact support an inference to the contrary. Where the accuracy of the hearsay information is uncontested, and in the absence of any indication that the court has improperly relied upon the evidence, we can hardly assume that defendant has suffered prejudice from its admission. *See United States v. Harris, supra,* 558 F.2d at 372–374. We therefore find no abuse of discretion in the admission of this evidence at sentencing.

■ Appellant also argues that the trial court erred in ordering as a condition of his probation that he serve a 30-day term of imprisonment without credit for good time as mandated by IND.CODE 35–50–6–3. Appellant rightly notes that while the sentencing judge is afforded substantial latitude in the decision to suspend sentence and in determining the conditions of probation, *Culley v. State,* (1979) 179 Ind.App. 345, 385 N.E.2d 486, the court is bound by the statutory provisions which govern sentencing. Under IND.CODE 35–7–2–1(c) (repealed 1983 Acts, P.L. 311), however, the court in ordering a lesser jail term as a condition of probation is precluded from allowing the defendant credit for good time:

> "As a condition of probation, the court may also require that the person serve a term of imprisonment in an appropriate facility at whatever time or intervals (consecutive or intermittent) within the period of probation the court determines. Intermittent service may be required only for a term of not more than sixty (60) days and must be served in the county or local penal facility. The term is computed on the basis of actual days spent in confinement and shall be completed within one (1) year. The person does not earn credit time while serving a term of imprisonment under this subsection ...."

Appellant misconstrues this denial of credit time as applying only to intermittent terms imposed in lieu of the suspended sentence. By its clear terms, however, the provision relates to any "term of imprisonment under this subsection," whether consecutive or intermittent. Thus the trial court has simply couched its order in the mandatory terms of the statute and has committed no error.

Appellant next alleges an abuse of discretion in the court's order of restitution for the victim's personal injuries. He contends that the jury's failure to convict him of battery causing personal injury precludes such an order.

■ Assuming compliance with the relevant statutory provisions, the sentencing judge has considerable discretion in granting probation and setting the terms thereof, and only where the court has abused its discretion will the probation order be set aside on appeal. *State ex rel. Sufana v. Superior Court of Lake County,* (1978) 269 Ind. 466, 381 N.E.2d 475. We find no such abuse of discretion in the court's order that defendant pay restitution for his victim's injuries. IND.CODE 35–7–2–1(a)(5) (repealed 1983 Acts, P.L. 311) provides that as a condition of probation, the court may require that the defendant "make restitution or reparation to the victim of his crime for the damage or injury that was sustained ...." The statute, therefore, implicitly authorizes an independent finding by the trial court as to the extent of the victim's actual damages or injury.

The record here contains ample evidence for the judge's conclusion that the defendant's conduct directly caused personal injury to the victim. The evidence is in fact so compelling that defense counsel at sentencing frankly expresses bewilderment regarding the verdict for the lesser offense. We can therefore perceive no abuse of discretion in the judge's finding that the defendant caused bodily injury to his victim or in the resulting order of restitution.

■ Finally, appellant contends that the court's order of restitution is erroneous

under the terms of IC 35–7–2–1(a)(5), which parenthetically stipulates:

"When a restitution or reparation is a condition of the sentence, the court shall fix the amount thereof, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance."

This language clearly requires that the trial court ascertain defendant's ability to pay. The sentencing judge in the present case, however, made no inquiry at all into defendant's financial situation before ordering Sales to pay approximately $2500 in restitution within the year. Such an inquiry was conducted only at the subsequent hearing on defendant's request for a public defender for purposes of instigating this appeal, when he was adjudged indigent and assigned a public defender.

 IC 35–7–2–1(a)(5), in requiring a determination of the convicted defendant's ability to pay restitution, addresses the potential denial of equal protection inherent in the alternative of restitution as a quid pro quo for a suspended sentence. The Indiana Supreme Court in *Brown v. State*, (1975) 262 Ind. 629, 322 N.E.2d 708, has recognized that laws and procedures which discriminate against indigent defendants are inconsistent with the premise of equal protection under the Indiana Constitution, Art. 1, § 23, and the United States Constitution, Amendment XIV. As the United States Supreme Court has held in *Tate v. Short*, (1971) 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130, and *Williams v. Illinois*, (1970) 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586, equal protection is denied where an indigent defendant is consigned to a jail term due to an inability to satisfy financial conditions of a judgment.

 The present case well illustrates the equal protection concerns underlying the statutory requirement of IC 35–7–2–1(a)(5) and the foregoing decisions. Here, appellant faces the alternatives of paying approximately $2500 in restitution or spending an additional two to five months (depending upon credit time earned) in jail. His adjudication as an indigent indicates that he may well default on the restitution order, whereas a wealthier defendant could satisfy this condition of probation. This dilemma with its attendant equal protection problems is precisely that sought to be avoided by the statutory requirement that the sentencing judge determine the amount of restitution the defendant can or will be able to pay. Appellant is entitled to a hearing on this matter and to modification of the present restitution order if he is financially unable to meet its terms.

Accordingly, this cause is remanded for sentencing consistent with this opinion.

CONOVER, P.J., and MILLER, J., concur.