**David AMES, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

**No. 4–584 A 122.**

Court of Appeals of Indiana,
Fourth District.

Nov. 26, 1984.

---

William D. Bright, Ludy & Bright, Portland, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Presiding Judge.

David Ames, petitioner-appellant, was sentenced to a term of eight years imprisonment upon his plea of guilty to attempted child molesting, a class C felony. *See* IND.CODE 35–42–4–3(c) (1982); *id.* 35–41–5–1. Within six months after he began serving his sentence, Ames filed a "Petition for Modification of Sentence or 'Shock Probation,'" pursuant to Indiana Code section 35–38–1–17 (Supp.1983).[1] Ames's petition stated that the attempted child molesting conviction was his first felony conviction, that he was repentant of the offense and likely to respond affirmatively to probation

---

1. "Within one hundred eighty (180) days after the defendant begins serving his sentence and after a hearing at which the convicted person is present and of which the prosecuting attorney has been notified, the court may reduce or suspend the sentence. The court must incorporate its reasons in the record. The court may suspend a sentence for a felony under this section only if suspension is permitted under IC 35–50–2–2.
IND.CODE 35–38–1–17 (Supp.1983).

or short term confinement, and that his character and attitude indicated he was unlikely to commit another crime. Ames requested the court to review a Diagnostic Report on him prepared by the Department of Corrections, grant a hearing on his petition, and suspend or modify the further execution of his sentence before the expiration of six months from the date of his commitment. The trial court denied Ames's petition without a hearing, citing the seriousness of the crime as the reason for denial. On appeal, Ames has preserved the following issues for review:

I. Whether the trial court erred in refusing to set a hearing on the Petition for Modification of Sentence or "Shock Probation"?[2]

II. Whether the trial court erred in denying the petition and maintaining the eight-year sentence?

We affirm.

### I.

Ames initially alleges the trial court erred in failing to set a hearing on his petition for modification or suspension of his sentence. In support of this allegation, Ames contends: 1) the statutory intent of Indiana Code section 35–38–1–17 requires a hearing whenever a petition for modification or suspension of sentence is filed under that code section; 2) the due process clause of the fourteenth amendment to the United States Constitution[3] requires a hearing in the present case; and 3) the trial court's refusal to set a hearing on the petition was arbitrary, capricious, and an abuse of discretion.

Ames forthrightly acknowledges that his first two contentions were considered and rejected in *Galloway v. State*, (1981) Ind. App., 422 N.E.2d 1290, in which this court construed Indiana Code section 35–4.1–4–18 (1982),[4] which was the predecessor of the statute pursuant to which Ames filed his petition for modification of sentence. *See* I.C. 35–38–1–17 (Supp.1983), *supra* n. 1. Although he concedes that, for the purposes of his appeal, the former statute and the present statute are identical, Ames nevertheless attempts to persuade us to deviate from the precedent of *Galloway*. We are not persuaded.

In *Galloway*, this court construed "the plain language of the statute [to impose] the requirements of notice and hearing *only* where the court has tentatively determined to utilize the procedure. It is the court's preliminary determination to suspend or reduce the sentence that triggers the procedure." 422 N.E.2d at 1291 (emphasis in original). This construction of IC 35–4.1–4–18 was supported by its legislative history:

"Our interpretation is reinforced by the history of the act. This section replaced a provision formerly appearing as part of IC 35–7–1–1 [(1976 Ed.)] which read,

'Provided, that on its own motion the court may, in open court and after notice to the prosecuting attorney and after review of the diagnostic report by the Department of Corrections, suspend the further execution of the sentence at anytime within six (6) months

---

**2.** In his motion to correct errors and in the "Statement of the Issues" portion of his Appellant's Brief, Ames also alleged the trial court erred in refusing to request a diagnostic report on Ames from the Department of Corrections. Ames has failed to address this allegation in the "Argument" section of his brief, however, and is therefore deemed to have waived this allegation on appeal. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7); *Board of Commissioners v. Nevitt,* (1983) Ind.App., 448 N.E.2d 333, 343.

**3.** "No state shall ... deprive any person of life, liberty, or property, without due process of law ...." U.S. CONST. Amend. XIV, § 1.

**4.** "The court, within one hundred eighty (180) days after it imposes a sentence, and after a hearing at which the convicted person is present and of which the prosecuting attorney has been notified, may reduce or suspend the sentence, incorporating its reasons in the record. The court may suspend a sentence for a felony under this section only if suspension is permitted under IC 35–50–2–2."
IND. CODE 35–4.1–4–18 (1982) (repealed 1983); amended and recodified at IND. CODE 35–38–1–17 (Supp.1983).

after the defendant shall have commenced to serve his sentence of imprisonment.'

Thus, IC 35–4.1–4–18 added the requirement of a hearing when the statute is applied, but more importantly it opened up the process for utilizing its substance by eliminating the prior restraint that made the process available only on the court's own motion. Assuming that the legislature intended to change the law by amending the statutory language, we agree that the present statute permits a convicted person or his attorney to petition the court to utilize the section. Such a person is thereby afforded the opportunity to bring to the court's attention and consideration whatever facts and circumstances he deems pertinent. On the other hand, in adding the hearing provision to the statute the legislature could readily have made it apply whenever a petition was filed. It did not do so. We therefore conclude that the statutory intent does not require a hearing when the court chooses not to exercise its discretion under IC 35–4.1–4–18."

422 N.E.2d at 1291–92.

The *Galloway* decision also rejected the contention, asserted by Ames in the present appeal, that the due process clause of the fourteenth amendment of the federal constitution is sufficiently implicated by a petition seeking modification or suspension of sentence to require the petitioner be afforded a hearing. Like Ames, the *Galloway* court discerned a trend in United States Supreme Court decisions expanding the scope of the protections of procedural due process. *See Morrissey v. Brewer*, (1972) 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (hearing required before parole may be revoked); *Gagnon v. Scarpelli*, (1973) 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d, 656 (hearing required before probation may be revoked); *Wolff v. McDonnell*, (1974) 418 U.S. 539, 94 S.Ct. 2963, 41

L.Ed.2d 935 (due process guarantees extended to procedures by which prisoners were deprived of statutorily created interest in good time credit for early release); *Vitek v. Jones*, (1980) 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d, 552 (due process protection applied to decision to transfer convict to a mental hospital).

Nevertheless, in *Galloway*, we distinguished these Supreme Court cases from the case of a convicted person petitioning for modification or suspension of a valid prison sentence, stating that "the predicate for invoking the protection of the fourteenth amendment continues to be a recognition that the convicted person has a right or justifiable expectation that he will not be so treated by the government in the absence of a hearing." 422 N.E.2d at 1292 (citing *Vitek v. Jones, supra*). Pertinent to this point is the Supreme Court's observation that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Nebraska Penal Inmates*, (1979) 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668.[5] Thus, in *Galloway*, we concluded:

"The grant of probation in Indiana is within the broad discretion of the trial judge. IC 35–50–2–2; *Lazzell v. State*, (1974) 159 Ind.App. 185, 305 N.E.2d 884. The applicant for shock probation stands in the same shoes as the candidate for regular probation. He has been duly convicted and incarcerated. He has no right or justifiable expectation that his sentence will be reduced or suspended. Since he has no recognized liberty interest, the due process clause of the fourteenth amendment does not require that a hearing be held to consider his petition for shock probation."

422 N.E.2d at 1293 (citing *Greenholtz v. Nebraska Penal Inmates, supra;* *Connecticut Board of Pardons v. Dumschat,*

---

**5.** Our supreme court has held that a defendant has no right to probation under IC 35–4.1–4–18 (1982) because the grant of probation is a matter of grace within the sole discretion of the

trial judge. *State ex rel. Abel v. Vigo Circuit Court*, (1984) Ind., 462 N.E.2d 61 (citing *State ex rel. Sufana v. Lake Superior Court*, (1978) 269 Ind. 466, 381 N.E.2d 475).

(1981) 452 U.S. 458, 101 S.Ct. 2460, 69 L.Ed.2d 158).

Ames has not provided us with any persuasive reason why *Galloway* should not be held to control his contentions regarding the statutory intent of IC 35–38–1–17 and the scope of the due process clause. He concedes that, for purposes of his appeal, the present statute and that construed in *Galloway* are identical. He cites us to no Supreme Court decisions indicating a further expansion of the protections of the fourteenth amendment beyond those considered in *Galloway*. Therefore, we decline to deviate from that precedent regarding Ames's first two contentions under this issue.

Ames also contends, however, that the trial court's refusal to hold a hearing on his petition should be held reversible error as being arbitrary, capricious and an abuse of discretion. This argument is without merit. Given that neither the legislature nor the due process clause requires the trial court to hold a hearing when it has determined to deny a petition for reduction or suspension of sentence under IC 35–38–1–17, we fail to comprehend how the court's refusal to hold a hearing upon such a determination can be characterized as an abuse of discretion. The court's discretion lies in its decision to grant or deny a reduction or suspension of sentence; upon its preliminary decision to do so, the statute makes a hearing mandatory in order to afford the prosecutor an opportunity to object to the procedure, to permit the court to observe the petitioner and confirm its intention to grant reduction or suspension of sentence, and to discuss terms of probation. *Galloway v. State*, 422 N.E.2d at 1291. The statute provides a petitioner ample opportunity to set forth in his petition for reduction or suspension of sentence whatever facts and circumstances he deems important to the trial court's decision. While we suppose the trial court could, if it chose, hold a hearing upon a preliminary determination to deny such a petition, error may not be predicated on the court's refusal to do so.

Therefore, we hold the trial court did not err in refusing to set a hearing on Ames's petition for modification of sentence.

## II.

Ames next alleges the trial court erred in denying his petition for modification of sentence or "shock probation." Again, he acknowledges the authority of *Galloway* for the proposition that the grant of probation is within the broad discretion of the trial court. 422 N.E.2d at 1293. As a general rule, an abuse of discretion will not be found unless the decision of the trial court is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable inferences to be drawn therefrom. *Boles v. Weidner*, (1983) Ind., 449 N.E.2d 288; *State v. Cowdell*, (1981) Ind.App., 421 N.E.2d 667.

Ames argues the trial court abused its discretion by failing to address the assertions made in support of his petition, recited in the first paragraph of this opinion, and by relying solely on the seriousness of the crime as a reason to deny the petition. The record shows that Ames's crime consisted of his attempt to molest his thirteen-year-old daughter by removing her shorts and underwear and forcing his naked body down on top of her. His attempt was frustrated when his daughter was able to escape from him. It was not clearly against the logic and effect of these facts for the trial court to deny Ames's petition based on the seriousness of his crime, even if all the assertions contained in the petition are true. Thus, there was no abuse of discretion.

The trial court is affirmed.

CONOVER and YOUNG, JJ., concur.